UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VINCENT SEALEY                                                                                        PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:15cv137-DPJ-FKB

DAVID R. JOHANSON, et al.                                                                         DEFENDANTS

ORDER

This ERISA case is before the Court on Defendant Herbert C. Bruister's Motion to Dismiss Count Nine of the Amended Complaint and Certain of the Relief Requested against him in the Amended Complaint [120]. For the reasons that follow, the motion is granted.

I.      Facts and Procedural History

The factual underpinning of this case began in 2002, when Bruister & Associates, Inc. ("BAI"), following the legal advice of attorney David R. Johanson, established an Employee Stock Ownership Plan ("ESOP"). Between 2002 and 2005, BAI's owner, Defendant Bruister, sold 100% of BAI's shares to its employees through a series of transactions with the ESOP. Those transactions ultimately led to the Secretary of Labor and two plan participants filing separate lawsuits alleging that the transactions violated various ERISA provisions (the "ERISA Actions"). Following a 19-day bench trial on the consolidated cases, the Court entered judgment in favor of Plaintiffs and against Bruister and other Defendants for in excess of $6 million; the Court later awarded the prevailing private Plaintiff, Vincent Sealey, an additional $3.1 million in attorneys' fees and expenses.

At the time the ERISA Actions were filed, Bruister, the other plan fiduciaries, and some related entities were insured under a fiduciary-liability policy issued by Beazley Insurance Company. Beazley disputed coverage, and Bruister and others ultimately filed a civil action

against Beazley in this Court in August 2010 (the "Coverage Action"). The parties to the Coverage Action settled that matter effective December 1, 2011, pursuant to a Confidential Settlement Agreement and Release (the "Agreement"). Under the Agreement, which Bruister signed both in his individual capacity and as a Trustee to the ESOP, Beazley withdrew its reservation or rights and agreed to pay defense costs and any settlement or judgment in the ERISA Actions subject to reduced limits of liability under its policy. By the time the Court entered its judgment in the ERISA Actions, the reduced insurance coverage had been fully exhausted by defense costs.

On February 27, 2015, Sealey filed this suit against Bruister, Johanson, Beazley, and others, complaining of Defendants' actions with respect to the Coverage Action and the Agreement. Sealey filed an Amended Complaint [83] on February 24, 2016; Bruister both answered [119] the Amended Complaint and filed the instant motion [120] on June 10, 2016. Plaintiff responded [127] to Bruister's motion, and Bruister failed to file a reply within the time provided by local rules. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Bruister suggests that his motion is governed by Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. [120] at 6–7. But the motion was filed after Bruister had answered, so it is properly considered as a motion for judgment on the pleadings under Rule 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Regardless, "the standards for deciding motions under both rules are the same." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

In considering a motion under Rule 12(c), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(c) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

3

III.   Analysis

    A.   Fraud Claim

Bruister seeks dismissal of the fraud claim asserted against him; he argues that "[t]here is *no allegation* that Bruister *made any representation* to the Plans or to Plaintiff Sealey." Def.'s Mot. [120] at 9–10. It is well-settled that a plaintiff asserting a fraud claim under Mississippi law must prove that the defendant made a material false representation upon which the plaintiff justifiably relied. *See Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 824 (S.D. Miss. 2002). And the circumstances of the alleged fraud—including "the time, place and contents of any false representations"—must be stated with particularity. *Nat'l Corp. Tax Credit Fund VII v. Busching*, No. 3:04cv559-BN, 2006 WL 13236, at *2 (S.D. Miss. Jan. 3, 2006) (citations omitted).

> Turning to the fraud claim, Sealey alleges:
>
> In approving the Coverage Settlement on behalf of the [ESOP], Bruister . . . acting in [his] capacit[y] as [a] fiduciar[y] for the [ESOP] . . . falsely presented and represented that Bruister had authority to bind the [ESOP]. In doing so, [Bruister] falsely represented that Bruister [was] not conflicted from acting as [an ESOP] trustee[ and] plan fiduciar[y] . . . , that [he] had performed [his] fiduciary duty and that the Coverage Settlement was in the best interest of the [ESOP].
>
> Each of the representations were false when made in connection with the Coverage Settlement and [Bruister] knew or should have known of their falsity when made.
>
> The false representations . . . were purposefully concealed from the [ESOP's] participants [including Sealey] so that the insurance proceeds could be depleted in the payment of legal fees and expenses . . . before the Coverage Settlement terms would be discovered.
>
> [Bruister] also concealed from the [ESOP's] participants, [including Sealey, the existence of a] Secret Fee Agreement by which [the] Jackson Lewis [law firm] would invoice Beazley . . . for inflated or unnecessary attorney time . . . .
>
> The Coverage Settlement and Secret Fee Agreement [were] an artifice to defraud the [ESOP] and resulted in the depletion of insurance coverage so as to frustrate

>  the [ESOP] and prevent [its] recovery of any eventual judgment in the [ERISA]
>  Actions.

Am. Compl. [83] ¶¶ 206–10.  Bruister is correct that no particular representation is attributed to him.[1]  The factual allegations fall short of pleading a plausible fraud claim against Bruister.

Plaintiff does not substantively respond to Bruister's arguments, instead asserting only that Bruister's motion "was not timely filed" and is premature in that, after Bruister filed his motion, Sealey filed a motion for leave to file a second amended complaint.  Looking at the latter argument, Sealey urged the Court to delay consideration of Bruister's motion until after a ruling on his motion to amend: "If the Court grants Plaintiff's motion for leave to amend, the Second Amended Complaint would be the operative complaint, superseding the Amended Complaint, and rendering Bruister's instant Motion moot."  Pl.'s Resp. [127] at 4.  Judge Ball denied, without prejudice, Sealey's motion to amend on November 21, 2016.  Order [139].  Sealey has not filed a new motion to amend.  The Amended Complaint is therefore the operative pleading, and it fails to state a facially plausible fraud claim against Bruister.

>  Regarding the timeliness of the motion, Sealey relates the following procedural history:
>
>  At the outset of the action, despite being served with the Complaint, Bruister did
>  not answer or independently file a preanswer motion—instead, he simply "joined"
>  the petition to compel arbitration filed by the Johanson Defendants.  Bruister's
>  joinder was itself untimely.  After Plaintiff's claims against the Johanson
>  Defendants were resolved, the Johnason Defendants' petition was not pressed and
>  the Court has not ruled on it.[2]
>
>  By the time Bruister filed the instant Motion, the Court had already issued a
>  substantive ruling dismissing the Amended Complaint in part.  That ruling noted
>  that Plaintiff could seek leave to amend with respect to certain of his claims . . . .

---

[1] Moreover, the sole affirmative representation alleged—that Bruister had authority to bind the ESOP—was apparently made to Beazley, not Sealey.

[2] When the Johanson Defendants were dismissed, the Court terminated the motions that had been filed by them, including the motion to compel arbitration.  *See* Feb. 25, 2016 Text Only Order.

5

> Plaintiff's motion for leave to file the Second Amended Complaint was filed [thereafter].

Pl.'s Resp. [127] at 4 n.1 (citations omitted).  While Sealey is correct that Bruister did not file timely answers to either the initial or Amended Complaints, Sealey never sought a clerk's entry of default, and Bruister has now answered.  Moreover, Bruister filed his motion to dismiss well in advance of the April 5, 2017 motions deadline set by the May 23, 2016 Case Management Order [103].  Bruister's motion is not untimely.  The fraud claim against him is due to be dismissed.[3]

### B.   Disgorgement/Constructive Trust

Bruister moves to dismiss three claims for relief against him contained in the Amended Complaint:

> That the Court order each of the Defendants to disgorge and restore to the [ESOP] any profits which have been generated as a result of their wrongful conduct;
>
> That the Court impose a constructive trust upon all assets and profits received by Defendants from their breaches of fiduciary duty or prohibited transactions in violation of ERISA, or from their knowing participation in such breaches of fiduciary duty or prohibited transactions;
>
> . . . .
>
> That judgment be granted against Defendant[] Bruister . . . to restore to the [ESOP] all compensatory damages caused by Defendants' fraud, as well as for punitive and exemplary damages.

Am. Compl. [83] at 61.  The third request is related to the fraud claim, which the Court has already dismissed, so that claim for relief is likewise dismissed.  As to the requests for disgorgement and a constructive trust, Bruister argues that, as alleged in the Amended Complaint, he "did not receive any of the proceeds of the Coverage Action Settlement, all of

---

[3] In view of its conclusion that the Amended Complaint does not state a facially plausible fraud claim, the Court need not consider Bruister's preemption argument.

which were used to pay . . . legal fees and expenses." Def.'s Mot. [120] at 14 (citing Am. Compl. [83] ¶ 132). Plaintiff does not respond to this argument, which appears correct. The requests for disgorgement and a constructive trust are therefore dismissed.

IV.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Bruister's Motion to Dismiss Count Nine of the Amended Complaint and Certain of the Relief Requested against him in the Amended Complaint [120] is granted. The fraud claim, as well as the requests for disgorgement and a constructive trust, are dismissed.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE